IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NATHANIEL BUCHANAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **No. 05-3050-KHV** |
| ) | |
| **N. L. CONNER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Nathaniel Buchanan, a federal prisoner at the United States Penitentiary in Leavenworth, Kansas ("USP-Leavenworth") filed suit *pro se* against N. L. Conner, former Warden of USP-Leavenworth, and other officials in their official and individual capacities. Under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346, 2671-2680, and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), plaintiff alleges that defendants violated his Fifth and Eighth Amendment rights when they placed him in administrative segregation based on false allegations and assigned him to a behavioral modification program for 180 days. This matter comes before the Court on the unopposed <u>Motion To Dismiss Defendant N. L. Conner In His Official Capacity</u> (Doc. #17) filed July 4, 2005, and the <u>Suggestion Of Death Upon The Record Under Rule 25(a)(1)</u> (Doc. #20-1) filed August 8, 2005. For reasons stated below, the Court dismisses Warden Conner in both his official and individual capacities.

**Legal Standards**

The Court may only exercise jurisdiction when specifically authorized to do so, <u>see</u> <u>Castaneda v. INS</u>, 23 F.3d 1576, 1580 (10th Cir.1994), and must "dismiss the cause at any stage of

the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)); Fed. R. Civ. P. 12(h)(3). Plaintiff sustains the burden of showing that jurisdiction is proper, see id., and he must demonstrate that the case should not be dismissed. See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan.1993).

## Analysis

**I.     Motion To Dismiss Warden Conner In His Official Capacity**

   A.     Bivens

Defendants argue that Conner in his official capacity as warden of USP-Leavenworth is entitled to sovereign immunity on plaintiff's Bivens claim. The Court agrees. The United States did not waive its sovereign immunity for constitutional torts asserted against federal agencies or the directors of those agencies in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994) (Bivens action not implied directly against federal agencies); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (federal employees in official capacities immune from Bivens suit); Pickens v. Fed. Bureau of Prisons, 1997 WL 271326 (10th Cir. May 22, 1997) (no Bivens action against United States or its agencies for compensatory damages). Plaintiff has not identified any explicit waiver of immunity. Absent a waiver of sovereign immunity, the Court must dismiss plaintiff's Bivens claims against Conner in his official capacity for lack of jurisdiction. See S.W. Four Wheel Drive Ass'n. v. Bureau of Land Mgmt., 363 F.3d 1069, 1071 (10th Cir. 2004).

   B.     FTCA

Defendants argue that plaintiff's FTCA claim against Conner must be dismissed because he

is not a proper defendant under the FTCA. The proper defendant in an FTCA case is the United States of America, not a particular federal agency or director of that agency. See 28 U.S.C. § 2674; see also Hatten, 275 F.3d at 1210 (court lacked subject matter jurisdiction over plaintiff's FTCA claim against individual federal employees in official capacities). Plaintiff's FTCA claims against Conner in his official capacity are therefore dismissed.

## II.  Suggestion Of Death Of Warden Conner

Conner died after plaintiff filed this action. Rule 25(a)(1) of the Federal Rules of Civil Procedure sets forth the procedure to follow upon the death of a party to a lawsuit:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1). On August 8, 2005, Connor's representative filed a Suggestion Of Death Upon The Record Under Rule 25(a)(1) (Doc. #20). Plaintiff had until November 7, 2005 to file a motion to substitute. He has not done so.[1] The Court therefore finds that the action should be dismissed as to Conner in his individual capacity.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Defendant N.L. Conner In

---

[1] Conner's representative does not assert that the death extinguished plaintiff's claims against him. See Wolters v. Conner, No. 03-3251-KHV, 2004 WL 2496699 *2 (D. Kan. Nov. 4, 2004); see also Pietrowski v. Town Of Dibble, 134 F.3d 1006, 1008 (10th Cir. 1998) (survival of Section 1983 claim determined by looking to state law); K.S.A. § 60-1801 (cause of action for injury to person survives death of person liable); K.S.A. § 60-1802 (no action shall abate by death of party except actions for libel, slander, malicious prosecution or nuisance).

His Official Capacity (Doc. #17) filed July 4, 2005 be and hereby is **SUSTAINED** and that Conner is hereby **DISMISSED** from this case.

Dated this 22nd day of November, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge